UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

    Petitioner,

v.                                   Case No. 3:24-cv-75-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

**ORDER**

    Petitioner Mark Eugene Hatcher, a pretrial detainee at the Duval County Jail, initiated this action on January 10, 2024,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). Hatcher is proceeding on an Amended Petition (Doc. 3). On August 2, 2022, the State of Florida charged Hatcher with possession of ammunition by a convicted felon, possession of a firearm by a convicted felon, resisting an officer without violence to his or her person, and trespass in a structure or conveyance. See

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

State v. Hatcher, No. 2022-CF-006393 (Fla. 4th Cir. Ct.).[2] He is currently in pretrial custody.

In the Amended Petition, Hatcher alleges the State has violated his right to a speedy trial. Petition at 6. According to Hatcher, the State "said that [he] waived [his] right to a speedy and public trial by missing the court date of 10-18-22." Id. He asserts that the state court continued his trial even though the State filed a motion for continuance after the speedy trial deadline. Id. Hatcher also alleges counsel was ineffective when she failed to object to the State's motion for a continuance and file or adopt his motions. Id. Finally, he raises a claim of excessive force related to his arrest. Id. As relief, he asks the Court to "drop [his] charges . . . [and] to let [him] file for money damages." Id. at 7.

Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and

---

[2] The Court takes judicial notice of Hatcher's state court docket. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the Rule 201(b)(2)] standard.").

2

its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted). "Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). However, "[t]here are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id.

Here, the Court declines to interfere in Hatcher's ongoing state proceedings. Hatcher neither makes a substantial allegation showing that bad faith motivated his state prosecution, nor does he make a viable claim of irreparable injury. Florida courts also have adequate and effective state procedures, which are available to Hatcher. Specifically, as to his speedy trial claim, Hatcher does not seek to enforce the State's constitutional obligation to bring him to trial in a timely manner, but rather to derail state proceedings by dismissing the charges against him. Such a claim, without more, does not

3

entitle Hatcher to federal habeas relief in his pretrial proceedings. See, e.g., Johnson, 32 F.4th at 1099 (noting that "even where Younger does not necessarily bar a state prisoner from seeking a federal order requiring that he be brought to trial, 'federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court'") (quoting Brown v. Estelle, 530 F.2d 1280, 1282–83 (5th Cir. 1976)). As such, the Amended Petition is due to be dismissed without prejudice.

To the extent Hatcher seeks monetary damages for excessive force that occurred during his arrest or detention, he may initiate a civil rights action pursuant to 42 U.S.C. § 1983. The Court has approved the use of a form for § 1983 actions, and Hatcher will be provided with a copy of the form.

Therefore, it is now **ORDERED:**

1. The Amended Petition (Doc. 3) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Hatcher appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability.[3] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall send Hatcher a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of February, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

---

[3] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Hatcher "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

Jax-9 2/23
c:     Mark Eugene Hatcher, #2022030777

6